IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>PMTS LIQUIDATING CORP., et al.,<br><br>Debtors. | ) Chapter 11<br>) Bank. No. 08-11551 (BLS)<br>) (Jointly Administered) |
| NHB ASSIGNMENTS LLC, LIQUIDATING TRUSTEE, ON BEHALF OF THE LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ATLANTIC LLC and BRADEN KELLY,<br><br>Defendants. | ) Civ. No. 12-1020-SLR |

Norman M. Monhait, Esquire of Rosenthal, Monhait & Goddess, P.A., Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Jeffrey Klafter, Esquire, and Rachel Berlin, Esquire of Klafter Olsen & Lesser LLP.

Gregory V. Varallo, Esquire of Richards, Layton & Finger, PA, Wilmington, Delaware, and Laura C. Bower, Esquire of Paul, Weiss, Rifkind, Wharton & Garrison, LLP, Wilmington, Delaware. Counsel for Defendant Braden Kelly. Of Counsel: Allan J. Arffa, Esquire, Roberta Kaplan, Esquire, and Samuel E. Bonderoff, Esquire of Paul, Weiss, Rifkind, Wharton & Garrison, LLP.

**MEMORANDUM OPINION**

Dated: April 15, 2013
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

The instant action was originally filed as an adversary proceeding[1] in the United States Bankruptcy Court for the District of Delaware ("the bankruptcy court"). Plaintiff NHB Assignments LLC ("plaintiff"), as liquidating trustee on behalf of a liquidating trust, alleges that defendants General Atlantic LLC ("GA LLC") and Braden Kelly ("Kelly") (collectively, "defendants") breached their fiduciary duties to ProxyMed, Inc. ("ProxyMed"), formerly the subject of a title 11 bankruptcy case ("the Bankruptcy Case") in the bankruptcy court. (Adv. Dkt. 1)[2] The bankruptcy court issued a ruling on defendants' motion to dismiss on the merits, which dismissed GA LLC from the case but allowed certain claims to go forward against Kelly. (Adv. Dkt. 36, 37)

Following that decision, Kelly asserted, for the first time, that the bankruptcy court lacked subject matter jurisdiction. (D.I. 17)[3] The jurisdictional issue prompted a slew of filings by both parties, including several proposed amended complaints by plaintiff, as well as a motion to withdraw the reference so that the case could be adjudicated by and tried in this court. (*See* Adv. Dkt. 53, 57, 61, 70, 72, 89; D.I. 1, 27) The bankruptcy court subsequently issued an order and determination that the matter is a non-core proceeding (D.I. 13), and this court granted plaintiff's motion to withdraw the

---

[1]Adv. Proc. No. 10-56167.

[2]The court will use "Adv. Dkt." to refer to docket items for the adversary proceeding in the bankruptcy court.

[3]Where papers have been docketed in both this court and the bankruptcy court, the court will cite to its own docket.

reference. (D.I. 14)

Currently pending are two motions – Kelly's motion to dismiss for lack of subject matter jurisdiction and plaintiff's amended motion for leave to file an amended complaint (the "pending motions"). (D.I. 17, 27) Both pending motions were filed in the bankruptcy court but were docketed, along with the corresponding briefing, in this court when the reference was withdrawn. In light of the unusual procedural posture of this case, the parties disagree as to what the court should do at this juncture. However, they agree that both pending motions have been fully briefed and that this court has all of the papers necessary to resolve them. (*See* D.I. 40 at 21:2-4, 9-12)

## II. BACKGROUND

### A. The Former ProxyMed Bankruptcy Case

In 2008, ProxyMed, an electronic healthcare transaction processing services company, and certain of its affiliates (collectively, "the debtors")[4] initiated the Bankruptcy Case by filing a title 11 voluntary petition in the bankruptcy court.[5] (Bank. Dkt. 1) On July 7, 2009, the parties filed a plan of liquidation ("the Plan") that incorporated the terms of a liquidating trust agreement ("the Trust Agreement"), and the bankruptcy court approved the Plan on July 15, 2009. (Bank. Dkt. 620, 679, 696)[6]

Section 7.4 of the Plan transferred all of the trust assets to the liquidating trust of

---

[4]The other debtors in the Bankruptcy Case were ProxyMed's subsidiaries ProxyMed Transaction Services, Inc. (later known as PMTS Liquidating Corp.) and ProxyMed Lab Services, LLC (later known as PMLS Liquidating LLC). (Bank. Dkt. 1; Adv. Dkt. 1)

[5]Bank. No. 08-11551.

[6]"Bank. Dkt." refers to docket items in the Bankruptcy Case.

PTMS Liquidating Corp. (f/k/a ProxyMed), and plaintiff, as the liquidating trustee, was vested with the authority to prosecute "Remaining Actions" on behalf of the liquidating trust. (Bank. Dkt. 620, §§ 7.4, 7.8, 12.24) "Trust Assets" are defined in § 1.84 to be all assets and property of the debtors including all "Remaining Actions," which are defined as "any and all claims or causes of actions of the Debtors" other than certain "Customer Avoidance Actions" that had been acquired by a third party. (Bank. Dkt. 620, §§ 1.76, 1.84) The Plan authorized the bankruptcy court to retain post-confirmation jurisdiction to the extent legally permissible until such time as "all payments and distributions required to be made and all other obligations required to be performed under the Plan have been made and performed by the Liquidating Trustee and a final decree has been entered closing [ProxyMed's Bankruptcy] Case." (Bank. Dkt. 620, § 11.1) The Plan also purported to preserve jurisdiction over, inter alia, "matters . . . instituted in the [Bankruptcy] Case by or on behalf of the Debtors or the Liquidating Trustee, including . . . the 'Remaining Actions.'" (Bank. Dkt. 620, § 11.1(f)) The Bankruptcy Case was closed on May 4, 2011.

**B. The Premise of the Adversary Proceeding**

On December 21, 2010, plaintiff initiated the adversary proceeding by filing a complaint (the "original complaint") in the bankruptcy court against GA LLC and Kelly. (Adv. Dkt. 1) Plaintiff alleges that it is empowered to pursue the action as a "Remaining Action," defined by § 1.76 of the Plan. (*Id.* at ¶ 8) The complaint asserts claims for breach of fiduciary duty against Kelly and claims for breach of fiduciary duty and fraud against GA LLC. (*Id.* at ¶¶ 9, 10, 122-40) As the merit pleadings are not currently at issue before the court, a brief summary of the factual allegations will suffice.

GA LLC, a private equity investment firm, acquired a significant ownership interest in ProxyMed in 2002 for $25 million. (*Id.* at ¶¶ 1, 12) Kelly, who was a managing director of GA LLC, served as designee on ProxyMed's board of directors ("the Board") and later became chairman of the Board. (*Id.* at ¶ 4) In and around 2006, while Kelly was on the Board, he allegedly gave ProxyMed false assurances that GA LLC would provide or facilitate financing to enable ProxyMed to pursue investments and acquisitions as part of a growth strategy. (*Id.* at ¶¶ 1, 49, 52, 55, 66, 85, 91) Meanwhile, GA LLC was allegedly engaged in the "secret pursuit" of making a much larger $1.2 billion investment to obtain a majority interest in one of ProxyMed's most significant competitors, Emdeon, Inc. ("Emdeon"). (*Id.* at ¶¶ 1, 69, 72-73) Although Kelly allegedly knew about GA LLC's plans, neither Kelly nor GA LLC disclosed the alleged conflict of interest or retracted any of the prior assurances allegedly given to ProxyMed. (*Id.* at ¶¶ 1, 57-59, 73, 77-78, 83-85) After GA LLC's investment in Emdeon was publicly announced, to ProxyMed's surprise, GA LLC advised ProxyMed that it would not provide any of the allegedly promised financing. (*Id.* at ¶¶ 2, 102-06)

Plaintiff asserts that Kelly owed ProxyMed fiduciary duties as a director and that GA LLC also owed ProxyMed fiduciary duties based on a special relationship of trust and confidence, advice that it gave to ProxyMed, and GA LLC's role as a controlling shareholder in ProxyMed. (*Id.* at ¶¶ 3-4) As a result of GA LLC's and Kelly's breaches of fiduciary duty and GA LLC's fraud in deceiving ProxyMed for its own profit, plaintiff claims it was misled into pursuing a financial strategy which it otherwise would not have adopted. (*Id.* at ¶ 107) Without GA LLC's financing, ProxyMed was unable to close on

its planned acquisitions and was ultimately forced to file the Bankruptcy Case in 2008. (*Id.* at ¶¶ 111-17) Plaintiff's adversary proceeding seeks damages in excess of $100 million. (*Id.* at ¶¶ 107-20, 129-30, 140)

**C. Procedural Background of the Adversary Proceeding in the Bankruptcy Court**

Currently at issue are procedural questions regarding the bankruptcy court's and this court's subject matter jurisdiction over the instant case. The case has been through prolonged, somewhat confusing, motion practice in the bankruptcy court to now come before this court. A detailed overview of the procedural history will be helpful for understanding the pending motions.

The bankruptcy court made two rulings in this case before it, or any party, ever raised the issue of subject matter jurisdiction. The first ruling, a motion to dismiss decision dated July 1, 2011 ("the motion to dismiss decision"), dismissed GA LLC from the case but allowed certain claims to go forward against Kelly. *In re PMTS Liquidating Corp.*, 452 B.R. 498 (Bank. Del. 2011). The underlying motion to dismiss was based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and neither party raised any subject matter jurisdiction issues in the briefing. (Adv. Dkt. 16, 26, 28) The bankruptcy court stated, without further analysis, in its motion to dismiss decision that "[c]onsideration of this Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(O)." *PMTS*, 452 B.R. at 504.

The bankruptcy court's second ruling that came before the issue of subject matter jurisdiction arose addressed a motion by plaintiff for clarification and/or reconsideration of the motion to dismiss decision. (Adv. Dkt. 46) The parties, again,

did not raise any subject matter jurisdiction issues in their briefing on that motion. (Adv. Dkt. 39, 43, 44) The bankruptcy court issued a memorandum order, dated March 27, 2012, granting the motion for clarification and/or reconsideration and stated in a footnote that "[t]he Court's jurisdiction over this matter is not in dispute. . . . This is a core proceeding under 28 U.S.C. § 157(b)(2)(O)." (Adv. Dkt. 46 at 1 n.1)

**1. Plaintiff's proposed amended complaints**

On May 9, 2012, after the bankruptcy court issued the motion to dismiss decision on the merits, Kelly filed another motion to dismiss (the "jurisdictional motion to dismiss"), this time based on lack of subject matter jurisdiction. (D.I. 17) This was the first time any party to the adversary proceeding raised the issue of subject matter jurisdiction. The jurisdictional motion to dismiss prompted a number of filings by both parties – plaintiff attempted to amend its original complaint several times using different procedural avenues, while Kelly opposed each of plaintiff's attempts to amend.

With respect to subject matter jurisdiction, plaintiff's original complaint made the assertion that the action is a core proceeding under 28 U.S.C. § 157(b)(2)(O). (Adv. Dkt. 1 at ¶ 5) It asserted that GA LLC is a Delaware limited liability corporation with a principal place of business in Connecticut, but did not mention the citizenship of any other party or assert diversity jurisdiction. (*Id.* at ¶ 9)

On May 30, 2012, plaintiff filed an amended complaint (the "first proposed amended complaint") which added assertions that this court has diversity jurisdiction over the action and included a demand for a jury trial.[7] (Adv. Dkt. 53, ex. A at ¶¶ 8, 10,

---

[7]Whereas the original complaint only asserted that the action is a core proceeding, the first proposed amended complaint also asserted, in the alternative, that

12; *id.* at 45) With respect to diversity among the parties, plaintiff added allegations that the state of formation and principal place of business of the Liquidating Trustee is Pennsylvania and that, "[a]t all relevant times," Kelly has been a resident of the State of California, residing in Los Altos, California. (*Id.*, ex. A at ¶¶ 10, 12)

On June 13, 2012, Kelly filed a motion to strike plaintiff's first proposed amended complaint, contending that, pursuant to Fed. R. Civ. P. 15, plaintiff had no right to file the amended pleading without Kelly's written consent or the court's leave.[8] (Adv. Dkt. 61, 62) In an effort "to moot any procedural issues" regarding its first proposed amended complaint, plaintiff filed a motion for leave to amend its original complaint on June 27, 2012 and attached another proposed amended complaint (the "second proposed amended complaint"). (D.I. 24; *see also* D.I. 27 at 1) The second proposed amended complaint included the revisions of the first proposed amended complaint, with the following additional assertions: (1) "[a]t the time of the filing of the Original Complaint, Plaintiff had only one member, who resided in Pennsylvania"; and (2) "[a]t the time of the filing of the Original Complaint, [GA LLC]'s only offices in the United States were located in Connecticut, New York and California; and upon information and belief, none of [GA LLC]'s Managing Directors resided in Pennsylvania." (D.I. 24, ex. A at ¶¶ 10, 11)

---

the action is a "related to" proceeding pursuant to 28 U.S.C. § 157(a).

[8]Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Kelly again asserted challenges to the sufficiency of the diversity jurisdiction allegations. (D.I. 23; Adv. Dkt. 82) Kelly argued that the second proposed amended complaint still failed to properly plead diversity jurisdiction because, inter alia: (1) plaintiff's pleading with respect to GA LLC did not mention the citizenship of any of GA LLC's "members;" and (2) plaintiff could not plead the citizenship of a party for purposes of diversity jurisdiction based "upon information and belief" or upon the "negative inference" form of pleading that plaintiff sought to employ. (D.I. 23 at 17-18; Adv. Dkt. 82 at 19-20)

Plaintiff responded by proposing yet another amended complaint (the "third proposed amended complaint") on August 2, 2012.[9] (Adv. Dkt. 88-1) The third proposed amended complaint built on the revisions of the first and second proposed amended complaints by adding the citizenship of 25 individuals who were allegedly members of GA LLC at the time the original complaint was filed. (Adv. Dkt. 88, ex. A at ¶ 11) Plaintiff subsequently filed an amended motion for leave to file this third proposed amended complaint. (D.I. 27)

**2. Plaintiff's motion to withdraw reference pursuant to Local Rule 5011-1**

On June 4, 2012 – after filing its first proposed amended complaint but before the related motion practice – plaintiff filed a motion for this court to withdraw the reference pursuant to Local Rule 5011-1.[10] (D.I. 1) Plaintiff also filed a statement

---

[9]The third proposed amended complaint was attached to plaintiff's reply brief in support of its motion to withdraw the reference, discussed *infra*.

[10]Bankruptcy Court Local Rule 5011-1 provides in part: "The movant shall concurrently file with the Clerk a motion for a determination by the Bankruptcy Court with respect to whether the matter or proceeding is core or non-core."

asking the bankruptcy court to defer ruling on the jurisdictional motion to dismiss pending the resolution of the motion to withdraw the reference, which statement plaintiff later put in the form of a motion to stay pending resolution of its motion to withdraw the reference. (Adv. Dkt. 57, 72)

On August 12, 2012, pursuant to Local Rule 5011-1 and the bankruptcy court's directive during a July 25, 2012 teleconference, plaintiff filed a motion for a core/non-core determination. (Adv. Dkt. 89; *see also* Adv. Dkt. 87) After conducting oral argument on the matter on October 11, 2012 (Adv. Dkt. 105), the bankruptcy court issued an order and determination dated January 8, 2013, finding that the matter is non-core. (D.I. 13)

On January 9, 2013, following the bankruptcy court's order and determination that the proceeding is non-core, this court granted plaintiff's motion to withdraw the reference. (D.I. 14) The automatic reference of the adversary proceeding to the bankruptcy court was withdrawn, and it was ordered that the proceeding would be adjudicated by and tried in this court. (*Id.*) The adversary proceeding in the bankruptcy court was then closed.

In sum, the bankruptcy court issued the motion to dismiss decision, which dismissed GA LLC as a defendant on the merits, prior to determining whether it had subject matter jurisdiction. Kelly then raised the issue of jurisdiction in its jurisdictional motion to dismiss. In response, plaintiff proposed three different amended complaints, each supplanting the previous, to add assertions that this court has diversity jurisdiction over the matter. The bankruptcy court subsequently determined that the matter was a non-core proceeding. Thereafter, this court granted the motion to withdraw the

reference, bringing the matter before this court.

**D. Issues Before the Court**

In light of the unique procedural posture of this case, the court held a teleconference on January 30, 2013, during which plaintiff and Kelly expressed differing viewpoints on how the case should proceed. (D.I. 40) Plaintiff and Kelly agree that plaintiff's amended motion for leave to file the third proposed amended complaint (hereinafter plaintiff's "motion for leave to file its amended complaint") is ripe for the court to resolve. (*Id.* at 7:5-11, 9:21-10:2) Kelly contends that his jurisdictional motion to dismiss needs to be addressed as well because, if the bankruptcy court did not, in fact, have jurisdiction, then it would be unclear what weight should be accorded to the bankruptcy court's motion to dismiss decision.[11] (*Id.* at 9:21-10:21, 23:22-24:12) Plaintiff disagrees, averring that the jurisdictional motion to dismiss has been mooted by the withdrawal of the reference. (*Id.* at 7:12-17) For the reasons that follow, the court will grant plaintiff's motion for leave to file its amended complaint and reserve decision on Kelly's jurisdictional motion to dismiss.

**III. STANDARD OF REVIEW**

Fed. R. Civ. P. 15 provides that a court should freely give leave to amend when justice so requires. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc.*

---

[11]Plaintiff and Kelly agree that the other motions that were filed in the bankruptcy court have either been resolved or rendered moot. (D.I. 40)

*v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

## IV. DISCUSSION

### A. Whether Plaintiff's Numerous Attempts to Amend and Alleged Bad Faith Should Bar Leave to Amend

Kelly contends that, based on plaintiff's numerous attempts to amend its complaint, the court should deny plaintiff's motion for leave to file its amended complaint for being motivated by bad faith or placing an unwarranted burden on the court. (D.I. 28 at 18-20) He avers that plaintiff's numerous attempts at amendment and motions to withdraw the reference and stay the proceedings complicated the procedural situation and imposed unnecessary costs and burdens on him and the court. (*Id.* at 20)

Insofar as Kelly is alleging that the burdens will prejudice him, a defendant "must do more than merely claim prejudice; '[he] must show that [he] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which [he] would have offered had the . . . amendments been timely.'" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981)). Kelly has not made such a showing. Neither is there an unwarranted burden on the court. An unwarranted burden on the court may result from undue delay. *Estate of Olivia v. New Jersey*, 604 F.3d 788, 803 (3d Cir.

2010). In *Estate of Olivia*, the Third Circuit upheld a district court's decision to deny leave to amend for undue delay where the plaintiff sought to add a new retaliation claim at the summary judgment stage after the case had been pending for more than seven years. *Id.* The instant case does not present such undue delay or unwarranted burden on the court.

The court also declines to find that plaintiff's amendments were motivated by bad faith. Each of plaintiff's proposed amended complaints simply attempted to plead diversity jurisdiction, albeit in incremental revisions in response to Kelly's criticisms. No amended complaints have been allowed thus far. Although the case has been pending for over two years, Kelly did not raise the issue of subject matter jurisdiction until more than a year after the original complaint was filed, and the action has not progressed past the initial stages of litigation.[12]

**B. Whether Amendment Would Be Futile**

Kelly also takes issue with two aspects of plaintiff's third proposed amended complaint to argue that plaintiff's motion should be denied as futile: (1) plaintiff's pleadings based on "information and belief" are allegedly improper; and (2) plaintiff has allegedly failed to plead complete diversity with respect to GA LLC. Futility is governed by the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). *See Oran*, 226 F.3d at 291 (citation omitted) (internal quotation marks omitted).

First, Kelly argues that plaintiff attempts to improperly plead citizenship based on "information and belief." (D.I. 28 at 14-15) The court need not determine whether a

---

[12]Kelly has yet to file an answer in the action.

pleading of diversity jurisdiction on "information and belief" is categorically insufficient. Plaintiff's third proposed amended complaint does not allege citizenship based on "information and belief." (*See* D.I. 27, ex. A at ¶¶ 10-12) Not only does plaintiff's currently proposed amended complaint state that its knowledge about the citizenship of the members of GA LLC is "[b]ased on plaintiff's investigation," but plaintiff's counsel also submitted a declaration that its allegations of citizenship are "the product of an extensive investigation that considered documents produced by [GA LLC] in this action, [GA LLC]'s web site and information through [various] web sites." (*Id.*, ex. A at ¶ 11; D.I. 30 at ¶ 3)

Second, Kelly avers that plaintiff fails to plead complete diversity because it has neither identified nor alleged the citizenship of all of GA LLC's members as of the time this action was filed. (D.I. 28 at 15-17) Pursuant to 28 U.S.C. § 1332, "complete diversity of citizenship must exist between the parties to invoke . . . diversity jurisdiction." *Butcher & Singer, Inc. v. Kellam*, 623 F. Supp. 418, 421 (D. Del. 1985). "That is, all parties on one side of the controversy must be citizens of different states from all parties on the other side." *Id.* "A failure of complete diversity . . . contaminates every claim in the action[,]" and deprives the court of jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005).

The bankruptcy court's motion to dismiss decision purportedly dismissed GA LLC as a party. Kelly does not factually challenge the citizenship pleadings with respect to plaintiff or Kelly, who are allegedly diverse parties. Therefore, if GA LLC is no longer a defendant, then plaintiff has sufficiently pled diversity jurisdiction as to it and

Kelly.

However, because plaintiff's third proposed amended complaint maintains its allegations against GA LLC[13] and it is unclear what weight should be afforded the bankruptcy court's motion to dismiss at this juncture, the court also considers the citizenship of GA LLC. Plaintiff's proposed amended complaint names and lists the citizenship of twenty-five individuals who were allegedly members of GA LLC at the time this action was filed, December 2010.

An amendment is futile if it will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a motion to dismiss. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Specifically,

> [a] claim is not "futile" merely because it will be difficult to prove. In other words, the claim must be futile as a matter of law rather than merely unlikely as a matter of fact. The issue involved in a motion to dismiss is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence in support of his claims.

*Schwartz v. D/FD Operating Services, L.L.C.* 205 F.R.D. 166, 167 (D. Del. 2002) (quoting *Site Microsurgical Sys., Inc.*, 797 F. Supp. 333, 336–37 (D. Del. 1992)). For purposes of determining diversity of citizenship, the citizenship of an LLC is equivalent to all the states where its members are domiciled, including members that are themselves LLCs or other unincorporated business entities. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). A limited liability company assumes the citizenship of its members. *See Polak v. Kobayashi*, 2005 WL 2008306,

---

[13]Plaintiff's proposed amended complaint notes: "The allegations against [GA LLC] that were contained in the Complaint have been maintained in this Amended Complaint solely for appeal purposes." (D.I. 27, ex. A at 1 n.2)

at *2 (D. Del. Aug. 22, 2005).

Plaintiff allegedly identifies GA LLC's members, none of which share citizenship with plaintiff. Therefore, the court does not find that plaintiff's proposed amended complaint would be futile and grants plaintiff's motion for leave to file its amended complaint. "To rule otherwise would result in the filing of another lawsuit and would not promote the interests of judicial efficiency." *See LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, Civ. No. 10–311, 2011 WL 4043394, at *2 (D. Del. Sept. 12, 2011).

**C. Kelly's Submission of an Affidavit Challenging Diversity Jurisdiction**

Attached to his brief opposing plaintiff's motion, Kelly submitted the affidavit of a GA LLC managing director, Christopher Lanning, which states that, at the time the original complaint was filed, GA LLC actually had forty-five members and that eight of the twenty-five individuals identified by plaintiff were not in fact members of GA LLC. (D.I. 28 at ¶¶ 4-5) Therefore, Kelly asserts, plaintiff only identified seventeen out of the forty-five relevant GA LLC members in its proposed amended complaint. Moreover, of the twenty-eight purportedly unidentified members, six are allegedly limited liability corporations, and two are allegedly "Limited" or "Ltd." entities. (*Id.* at ¶ 7)

Not only may the lack of subject matter jurisdiction be raised at any time, it cannot be waived and the court is obliged to address the issue. *See Moodie v. Fed. Reserve Bank of NY*, 58 F.3d 879, 882 (2d Cir. 1995). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000).

Kelly's challenge to diversity jurisdiction is analogous to a factual attack under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact)." *See MobileMedia Ideas, LLC v. Apple Inc.*, 885 F. Supp. 2d 700, 705 (D. Del. 2012) (citing 2 James W. Moore, Moore's Federal Practice § 12.30[4] (3d ed. 1997)). Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. *See id.* Under a factual attack, however, the court is not "confine[d] to allegations in the . . . complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977). In such a situation, "'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Carpet Group*, 227 F.3d at 69 (quoting *Mortensen*, 549 F.2d at 891).

Because Kelly's attack on diversity jurisdiction is a factual one, the court may take notice of his submission of the affidavit regarding the citizenship of members of GA LLC. *See Gotha*, 115 F.3d at 179; *Mortensen*, 549 F.2d at 891-92. When a defendant contests any jurisdictional allegations in the pleadings by presenting evidence,

> the court must permit the plaintiff to respond with evidence supporting jurisdiction. The court may then determine jurisdiction by weighing the evidence presented by the parties. However, if there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination.

*Gould Elecs., Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000) (citations omitted). Therefore, the court will order jurisdictional discovery and afford plaintiff an opportunity to respond with evidence supporting jurisdiction. *See S. Freedman & Co. v. Raab,* 180 F. App'x 316, 321 (3d Cir. 2006) ("We have repeatedly held that a district court has an obligation to provide the parties with notice and an opportunity to be heard before dismissing a case for lack of jurisdiction." (citation omitted)). If plaintiff chooses to, it may then supplement the record as to the citizenship of GA LLC. Alternatively, plaintiff may choose to remove the pleadings regarding GA LLC from its amended complaint.

**V. CONCLUSION**

The court grants plaintiff's motion for leave to file its amended complaint. Given Kelly's factual attack on diversity jurisdiction, the court will permit plaintiff the opportunity to pursue jurisdictional discovery, after which plaintiff may either respond with supplemental papers supporting diversity jurisdiction or remove its pleadings regarding GA LLC. The court reserves decision on Kelly's jurisdictional motion to dismiss. An appropriate order shall issue.