IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NHB ASSIGNMENTS LLC, ) <br> LIQUIDATING TRUSTEE, ON BEHALF ) <br> OF THE LIQUIDATING TRUST, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) Civ. No. 12-1020-SLR <br> ) <br> GENERAL ATLANTIC LLC and ) <br> BRADEN KELLY, ) <br> ) <br> Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this day of August, 2013, having reviewed the motion to dismiss for lack of subject matter jurisdiction filed by defendant Braden Kelly ("Kelly"), the motion for leave to file an amended complaint filed by plaintiff NHB Assignments LLC ("plaintiff"), and the supplemental papers filed therewith;

IT IS ORDERED that Kelly's motion to dismiss for lack of subject matter jurisdiction (D.I. 17) is denied as moot and plaintiff's motion for leave to file an amended complaint (D.I. 47) is granted, for the reasons that follow:

1. **Background.** On December 21, 2010, plaintiff, a liquidating trustee on behalf of a liquidating trust, filed the instant suit against defendants General Atlantic LLC ("GA LLC") and Kelly as an adversary proceeding[1] in the United States Bankruptcy Court for the District of Delaware ("the bankruptcy court"). Plaintiff's original complaint alleged that GA LLC and Kelly (hereinafter, collectively "defendants") breached their fiduciary

---

[1] Adv. Proc. No. 10-56167.

duties to ProxyMed, Inc., formerly the subject of a chapter 11 bankruptcy case in the bankruptcy court. (Adv. Dkt. 1) Plaintiff further asserted a claim of fraud against GA LLC. (*Id.*)

2. The case then developed a complex procedural history, as detailed in this court's April 15, 2013 memorandum opinion. (D.I. 41) By way of summary, the bankruptcy court issued a decision on July 1, 2011, dismissing the claims for breach of fiduciary duty and for fraud against GA LLC but allowing the claim for breach of fiduciary duty against Kelly to proceed. See *In re PMTS Liquidating Corp.*, 452 B.R. 498 (Bank. Del. 2011).[2] On March 27, 2012, the bankruptcy court granted a motion for clarification and/or reconsideration of that decision (collectively, with the July 1, 2011 decision, "the bankruptcy court's motion to dismiss decision"). (Adv. Dkt. 46) Thereafter, on May 10, 2012, Kelly filed another motion to dismiss ("Kelly's jurisdictional motion to dismiss"), which marked the first time that any party to the action challenged the bankruptcy court's subject matter jurisdiction. (D.I. 17)[3] Plaintiff responded by attempting to amend its complaint several times, which culminated in an amended motion for leave to file a proposed second amended complaint ("plaintiff's motion to amend"). (Adv. Dkt. 53; D.I. 24; D.I. 27; see also Adv. Dkt. 88, ex. A) On January 9, 2013, this court granted plaintiff's motion to withdraw the reference and ordered that the proceeding would be adjudicated by and tried in this court. (D.I. 14) At the time, both Kelly's jurisdictional motion to dismiss and plaintiff's motion to amend had been fully

---

[2](*See also* Adv. Dkt. 36) The court will use "Adv. Dkt." to refer to docket items for the adversary proceeding in the bankruptcy court.

[3]Originally filed in the adversary proceeding as Adv. Dkt. 51.

2

briefed but remained pending.

3. On April 15, 2013, the court granted plaintiff's motion to amend and reserved judgment on Kelly's jurisdictional motion to dismiss. (D.I. 41; D.I. 42) The court permitted jurisdictional discovery regarding the citizenship of the parties and afforded Kelly the opportunity to supplement his jurisdictional motion to dismiss. (D.I. 42) Plaintiff then filed its second amended complaint (D.I. 43), and the parties filed a stipulation ("the stipulation") regarding the citizenship of the parties and the sufficiency of diversity jurisdiction. (D.I. 45)

4. Kelly has since supplemented his jurisdictional motion to dismiss, and plaintiff and Kelly have exchanged responses in that regard. (D.I. 49; D.I. 51; D.I. 52; D.I. 53; D.I. 55)[4] In addition, plaintiff has filed another motion for leave to file an amended complaint ("the third amended complaint") in order to: (1) conform the diversity allegations to the stipulation; (2) clarify certain factual allegations; (3) drop the fraud claim against GA LLC; and (4) add an aiding and abetting claim against GA LLC. (See D.I. 48 at 1) Plaintiff avers that the proposed amended complaint would streamline the issues for defendants' intended motion to dismiss on the merits. (See id. at 1-2)

5. **Kelly's jurisdictional motion to dismiss**. Kelly does not explicitly challenge this court's diversity jurisdiction over the instant case. (D.I. 45 at ¶ 7) However, Kelly has indicated that he and (possibly) GA LLC plan to file new motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (D.I. 49 at 5-6 & n.1) In order to clarify the weight of the bankruptcy court's motion to dismiss decision,

---

[4]Plaintiff's motion for leave to file a sur-reply regarding Kelly's supplemental submission is granted. (D.I. 53)

3

Kelly requests that the court resolve his jurisdictional motion to dismiss to find that the bankruptcy court had no jurisdiction over this case and, thus, the bankruptcy court's motion to dismiss decision is null and void and has no force or effect.[5] (D.I. 49 at 1) Plaintiff asserts that Kelly's jurisdictional motion to dismiss is now moot given the undisputed diversity jurisdiction of this court and the following "consent":[6] "Plaintiff consents to de novo consideration of Defendants' intended new motions to dismiss and that the Bankruptcy Court's rulings on their prior motion to dismiss (i.e.[,] as to both [GA] LLC and . . . Kelly) should not be considered precedential." (D.I. 51 at 2)

6. The court finds that, in light of plaintiff's "consent," Kelly's jurisdictional motion to dismiss is moot. The only reason given by Kelly for pursuing his motion is to determine the effect that any lack of jurisdiction would have on the bankruptcy court's motion to dismiss decision. (See D.I. 49 at 1; D.I. 55 at 1) Given plaintiff's agreement with Kelly on the effect of the bankruptcy court's motion to dismiss decision, there is no

---

[5]Plaintiff argues that Kelly "simply reargues . . . and resubmits all of the prior briefing" related to the motion to dismiss for lack of subject matter jurisdiction. (D.I. 51 at 1) The court's order dated April 15, 2013 (D.I. 42) did not specifically limit Kelly's supplemental submission, and the court finds that the supplemental submission appropriately clarified the significance of Kelly's jurisdictional motion to dismiss following the parties' stipulation regarding diversity jurisdiction and in relation to defendants' planned new motions to dismiss.

[6]Plaintiff's consent to "de novo consideration" is not directly on point because de novo consideration is a standard of review on appeal, and the procedural posture of the instant case does not involve such an appeal. See, e.g., In re New Century TRS Holdings, Inc., Civ. No. 12-288, 2013 WL 1196605, at *1, *5 (D. Del. Mar. 25, 2013) (reviewing a bankruptcy court's underlying legal determinations de novo). The effect of plaintiff's consent, however, is that it is in agreement with Kelly that the bankruptcy court's motion to dismiss decision should not be given any effect – persuasive or precedential – moving forward.

need for the court to delve into issues of the bankruptcy court's jurisdiction.[7] Kelly's jurisdictional motion to dismiss (D.I. 17) is denied as moot.

7. **Plaintiff's motion for leave to file a third amended complaint**. Federal Rule of Civil Procedure 15 provides that a court should freely give leave to amend when justice so requires. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

8. Defendants do not object to plaintiff's proposed amendments to the extent they conform the diversity allegations to the stipulation, clarify certain factual allegations, and drop the fraud claim against GA LLC. (See D.I. 54) Defendants' objection is to the addition of the claim against GA LLC for aiding and abetting a breach

---

[7]Plaintiff has expressed concern that Kelly is suggesting the bankruptcy court's motion to dismiss decision should be binding with respect to GA LLC but not with respect to Kelly. (See D.I. 53, ex. A at 2) However, Kelly has clarified that it is not making such a suggestion, only that GA LLC (which shares the same counsel) "intends to resist any effort to be brought back into these proceedings." (See D.I. 55 at 2-3) How exactly GA LLC intends to resist being brought back into the proceeding is unclear except that it (1) does not plan to challenge diversity jurisdiction, and (2) plans to file a new motion to dismiss for failure to state a claim.

of fiduciary duty. In this regard, defendants do not contend that plaintiff's addition of the aiding and abetting claim would be futile. Rather, they argue that plaintiff's delay in seeking the amendments is undue and lacks any proper justification: "At no point since this case was originally filed in December 2010 . . . has plaintiff sought to do what it seeks to do now: namely, add an entirely new legal claim and theory of liability to this case." (*Id.* at 2) Defendants further allege that the amended complaint is "merely a misguided attempt to re-position plaintiff for defendants' inevitable new motion[s] to dismiss the action." (*Id.* at 5)

9. Given the unique procedural history of this case, this litigation has been pending for well over two years but is still in the early stages. No answer has been filed, no scheduling order has been entered, and no discovery has taken place, except that related to diversity jurisdiction. "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Moreover, a defendant "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous.*, 663 F.2d 419, 425 (3d Cir. 1981)). Defendants at bar cite *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263 (3d Cir. 2008), in which the Third Circuit affirmed a district court's denial of leave to amend because of undue delay.[8] *Id.* at 268. The plaintiff in *Bjorgung* had

---

[8] Defendants also cite several cases from the District Court for the Southern District of New York that are not binding on this court. (*See* D.I. 54 at 1, 6-7)

been on notice for three and a half years that he was suing the wrong entities before he sought leave to amend his complaint. *Id.* at 266-67. The Court found that such circumstances presented the plaintiff with previous opportunities to amend and that the motion to amend placed a burden on the court for being filed long after the close of discovery. *Id.* at 267.

10. Here, plaintiff had opportunities to amend the complaint to add the aiding and abetting claim. However, the prior proposed amendments were all focused on redressing the jurisdictional issues that had been raised by Kelly. Moreover, unlike the case in *Bjorgung*, no discovery beyond the issue of diversity jurisdiction has taken place in this litigation, and defendants will have a full opportunity to challenge the sufficiency of the proposed claim and/or answer the complaint. Although plaintiff's proposed amended complaint adds a new claim against GA LLC for aiding and abetting a breach of fiduciary duty, it also drops a claim against GA LLC for fraud. Given that no deference will be given to the bankruptcy court's motion to dismiss decision, GA LLC would, in any case, need to brief one claim or the other if it files a new motion to dismiss for failure to state a claim. The court does not find that briefing the aiding and abetting claim instead of the fraud claim that GA LLC previously briefed in the bankruptcy court would warrant departure from the Third Circuit's liberal approach to the amendment of pleadings. *See Dole*, 921 F.2d at 486-87. Therefore, the court does not find that plaintiff's proposed third amended complaint would cause undue delay or prejudice.

11. To the extent defendants allege there is any bad faith or dilatory motive on plaintiff's part, they provide no reason, beyond a bald assertion that plaintiff is making

the amendment for tactical reasons. Even if plaintiff is attempting to re-position itself for defendants' new motions to dismiss, such a goal, by itself, does not demonstrate bad faith or dilatory motive simply because defendants would prefer not to oppose the amended complaint. Therefore, the court does not find any basis for finding that the proposed amended complaint is motivated by bad faith or dilatory motive.

12. **Conclusion**. For the foregoing reasons, Kelly's jurisdictional motion to dismiss is denied as moot, and plaintiff's motion for leave to file the third amended complaint is granted.

IT IS FURTHER ORDERED that, if either defendant contests this court's personal and/or subject matter jurisdiction, said defendant shall file a motion to dismiss raising such issues on or before **October 2, 2013**.

_____
United States District Judge